UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DR. EILEEN CALLAWAY, an individual,

       Plaintiff,

v.                                                   Case No: 2:19-cv-745-SPC-MRM

LEE MEMORIAL HEALTH SYSTEM,

       Defendant.
_____/

**OPINION AND ORDER**[1]

    Plaintiff Eileen Callaway moves for leave to amend her complaint to (1) join an additional defendant, Florida State University; (2) add claims against FSU for breach of contract and tortious interference with a contractual relationship; and (3) extend the case management deadlines for an unspecified length of time. (Doc. 50). Defendant Lee Memorial Health System ("Lee Health") responded in opposition (Doc. 53). Though the deadline to amend the pleadings expired over a year and a half ago, Plaintiff argues that information discovered for the first time in August 2021, necessitates that FSU be joined

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

as a defendant. Because the Court finds no good cause for the amendment, the Motion is denied.

## BACKGROUND

This is an employment case filed over two years ago against Lee Health. Plaintiff was a student at FSU and employed by Lee Health in the medical residency program. She alleges she did not complete the residency program because of Lee Health's unlawful, retaliatory actions.

In the Complaint, she alleges her "employment with LMHS was through Florida State University's medical residency program." (Doc. 1 at ¶ 9). Plaintiff's medical residency was governed by a Resident Training Agreement (Doc. 50-4), which has a signature block that looks like this:

IN WITNESS THEREOF, the parties hereto have executed this Agreement to be effective as of the Effective Date.

"LMHS"          Lee Memorial Health System

                Signature: _____
                Scott Nygaard, M.D.
                Chief Medical Officer
                Physician Services and Network Development

                Date: 6/5/15

"Program Director"   Signature: _____
                     Gary Goforth, M.D.

                     Date: 6/2/2015

"Resident"      Signature: _____
                Print Name: Eileen Callaway, M.D.
                Date: 06/02/2015

Plaintiff says she first learned at Dr. Goforth's deposition on August 25, 2021, that he signed the agreement as Program Director for FSU, not on behalf of Lee Health. In fact, she was "stunned" to learn that Dr. Goforth was not employed by Lee Health, but was employed by FSU, that FSU ran the program, and that FSU (through Dr. Goforth) terminated her from the Residency Program. She says she also learned more about FSU's involvement in the residency program from Dr. Goforth's testimony regarding a previously

3

undisclosed Affiliation Agreement[2] (Doc. 50-3) between FSU and Lee Health, not produced to her until September 15, 2021. Other depositions taken on September 17, 2021, further revealed that the Resident Training Agreement was a three-party agreement between Plaintiff, Lee Health, and FSU, and that Dr. Goforth signature on the agreement as "Program Director" was on behalf of FSU. Because of these developments, Plaintiff wants to essentially start this case over by adding FSU as a defendant. In response to the Motion, Lee Health argues that Plaintiff always knew FSU established and ran the residency program and she exercised no diligence in pursuing facts related to FSU's involvement. (Doc. 53).

The deadline to file motions to add parties or to amend the pleadings was March 9, 2020 (Doc. 19), discovery closed on October 7, 2021 (Doc. 48), and the dispositive motion deadline is coming up on October 28, 2021 (Doc. 48). On October 15, 2021, Plaintiff filed the instant Motion, attaching 19 exhibits, totaling over 300 pages. (Doc. 50).

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendment of pleadings, directing the Court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, if (as here) a party's motion to amend is filed after the

---

[2] The Affiliation Agreement was provided to the Court *in camera* because it was designated as "confidential" under the parties' confidentiality agreement.

4

deadline to add parties or amend the pleadings, the party must show good cause why leave to amend should be granted. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); *Sosa v. Airprint Sys, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). "If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.

The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (internal quotation marks omitted). A plaintiff lacks diligence if she fails to seek information necessary to determine if amendment is warranted. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009). *See also Donley v. City of Morrow*, 601 F. App'x 805, 811 (11th Cir. 2015) ("A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint.").

## DISCUSSION

To start, Plaintiff's Motion misstates the standard as she does not address good cause under Rule 16(b), instead arguing that she meets the standard for amendment under Federal Rule 15(a). But, as the Eleventh

Circuit directs, because the Motion was filed after the scheduling order deadline, she must first demonstrate good cause. She does not do so.

Plaintiff filed the case in October 2019 and her last opportunity to amend was over a year and a half ago, March 9, 2020. (Doc. 19). She did not seek leave to add FSU until October 15, 2021, less than two weeks before the summary judgment deadline. Discovery is complete and has been since October 7, 2021. Although Plaintiff claims she could not have ascertained that Dr. Goforth signed the Resident Training Agreement as Program Director with FSU until Dr. Goforth's August 2021 deposition, the record shows otherwise.

The record shows that the information supporting the proposed amendment was known or at least available to Plaintiff even before she sued. The exhibits filed in support of her Motion show she had been aware of Dr. Goforth's role as Program Director with FSU since starting her residency. In fact, she testified that she thought FSU should have been added as a party from the beginning and this lawsuit "really all comes down to Gary Goforth." (Doc. 50-10 at 119-20). She even sent a pre-suit records request to FSU, requesting records relating to her enrollment in "[FSU's] program." (Doc. 53-2). But she does nothing to explain why she waited until two years into the case to try to add FSU as a party. *See Southern Grouts,* 575 F.3d at 1235.

The Resident Training Agreement itself speaks of FSU. The recitals state, "The Board of Trustees of The Florida State University for and on behalf

of the College of Medicine, has established and maintained an ACGME accredited residency program in Family Medicine in collaboration with LMHS." (Doc. 50-4 at 1). The Agreement also speaks of the Program Director and Lee Health as if the Program Director is not a part of Lee Health. *See* Doc. 50-5 at 5 ("the Program Director *or* LMHS"; "the Program Director's *or* LMHS's discretion").

Plaintiff's testimony shows she knew of FSU's role in the residency program before suing. She spoke often during her residency to Dr. Goforth and Dr. Goforth always communicated with Plaintiff from his FSU email account (Doc. 50-10 at 139-40) and the signature block on those emails[3] (Doc. 50-7) identified him as the "Program Director," the same title under which he signed the Resident Training Agreement. Plaintiff referred to Dr. Goforth as the "Founding Program Director." (Doc. 50-10 at 89, 250). Dr. Goforth terminated her employment by letter on FSU letterhead, which he signed as "Family Medicine Residency Program Director and Professor of Family Medicine." (Doc. 50-10 at 126; Doc. 53-1). Dr. Goforth "had a joint appointment with both Lee Health and FSU." (Doc. 50-10 at 141).

Considering this evidence, Plaintiff clearly understood FSU ran the residency program and Dr. Goforth acted on FSU's behalf to bring a plausible

---

[3] Some emails were provided to the Court *in camera* because they were designated as "confidential" under the parties' confidentiality agreement.

7

claim against FSU before the deadline expired. Instead, she waited until depositions were taken just before the end of discovery to inquire as to FSU's involvement and seeks leave to amend to add a party that would necessitate starting discovery over, all nearly at the summary judgment deadline.[4]

The Court is mindful that Plaintiff's first counsel withdrew, and she proceeded *pro se* for three months, but that does not change the result here. The deadline to amend pleadings and add parties expired nine months before her counsel withdrew and when her new counsel moved to amend the deadlines, she did not move to amend the deadline to add parties or amend the pleadings. (Doc. 33).

Finally, although prejudice to Lee Health is not dispositive, it supplements the Court's reasoning for denying leave to amend. The case is two years old. Allowing amendment would essentially start the discovery period over and extend all deadlines that follow. Plaintiff does not address this problem, only noting that trial is not until April 2022. But that trial term will no longer be realistic if a new party and additional claims are added. Lee Health is ready now to try to bring the case to a close at summary judgment but cannot if FSU is added, heavily weighing against amendment.

---

[4] Even setting aside all the information Plaintiff had prior to filing suit, she did not move for leave to amend for over a month after Dr. Goforth's deposition. This delay alone demonstrates lack of diligence.

8

In sum, Plaintiff has not shown good cause to modify the scheduling order. Therefore, the Motion is denied.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion for Joinder of Additional Party Defendant, Amendment of Complaint, and Setting of New Case Management Deadlines (Doc. 50) is **DENIED**.

(2) The Clerk is **DIRECTED** to file Docs. 50-3 and 50-6 (the Affiliation Agreement) and Doc. 50-7 (emails dated 10/16/17 to 10/24/17) under seal.

(3) The Clerk is **DIRECTED** to cancel the status conference currently set for October 21, 2021.

**DONE** and **ORDERED** in Fort Myers, Florida on October 20, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

9